IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. _____

_____
                                              )
WAYNE DEMATTEO,                               )
                                              )
         Plaintiff,                           )
                                              )
    vs.                                       )
                                              )
LIFE INSURANCE COMPANY OF NORTH               )
AMERICA; and FLOUR MARINE                     )
PROPULSION, LLC LONG TERM                     )
DISABILITY BENEFIT PLAN,                      )
                                              )
         Defendants.                          )
_____           )

## COMPLAINT

### PRELIMINARY STATEMENT[1]

Wayne DeMatteo ("Plaintiff") brings this ERISA action against Life Insurance Company of North America ("LINA") and the Flour Marine Propulsion, LLC Long Term Disability Benefit Plan (the "Plan") to secure long-term disability and other benefits to which he is entitled under the Plan, which is administered by LINA. Plaintiff is covered under the Plan by virtue of his employment with Flour Marine Propulsion, LLC ("Flour Marine"), the sponsor of the Plan.

### PARTIES

1.  Plaintiff is a citizen and resident of Wake County, North Carolina.

---

[1]This Preliminary Statement gives a synopsis of Plaintiff's claim and is not intended as an allegation to be answered by Defendants.

2. Defendant LINA is a properly organized business entity doing business in the state of North Carolina.

4. The Plan is an employee welfare benefit plan organized and subject to ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Flour Marine maintained the Plan. Flour Marine is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

5. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

6. Venue in the Western District of North Carolina is appropriate by virtue of Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Flour Marine.

8. The Plan offers long term disability ("LTD") benefits.

9. Under the terms of the Plan, Defendant LINA administers the Plan and has authority to grant or deny benefits.

10. Defendant LINA has a fiduciary obligation to Plaintiff to administer the Plan fairly, and to determine benefits according to the terms of the Plan.

11.     Plaintiff is a 43-year old man who worked for Flour Marine Propulsion, LLC as a Janitor in New York until on or about February 17, 2017.  On that date, Plaintiff's impairments became so severe that he could no longer work, and he was forced to leave his employment.

12.     During his employment, Plaintiff began suffering from foot, ankle, and leg ailments that became physically disabling, and caused him to be unable to perform the material duties of his regular occupation and unable to earn 80% or more of his Indexed Earning from working his regular occupation.

13.     After having been awarded short term disability benefits for about 6 months, Plaintiff applied for LTD benefits and submitted medical information showing that he is totally disabled. In or about August 14, 2017, Plaintiff was awarded LTD benefits.

14.     In or about August 2018, after Plaintiff has been paid LTD benefits for 12 months, Plaintiff's LTD claim was reviewed and it was determined that he continued to be eligible for LTD benefits because his physical ailments then made him unable to perform the material duties of any occupation for which he was, or may reasonably become, qualified based on education, training or experience, and he was unable to earn 80% or more of his Indexed Earnings.

15.  However, after Plaintiff's claim for LTD benefits had been reviewed and granted for several years based on Plaintiff's ongoing and worsening physical conditions, Defendant LINA denied Plaintiff's claim for LTD benefits on or about August 21, 2024.

15.     Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits. He submitted additional information to show that he continued to be totally disabled.

16. Defendant LINA denied Plaintiff's appeal of his claim for LTD benefits. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

18. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he continues to be unable to perform the material duties of any occupation for which he was, or may reasonably become, qualified based on education, training or experience, and he is unable to earn 80% or more of his Indexed Earnings;

    b. Defendant LINA failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

    c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

### FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

19. Plaintiff reincorporates and realleges the allegations contained in the paragraphs above as if fully set forth herein..

20. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied long-term disability benefits;

    b. Defendant LINA failed to accord proper weight to the evidence in the administrative record; and

    c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

21. Plaintiff reincorporates and realleges the allegations contained in the paragraphs above as if fully set forth herein.

22. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his disability;

3. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants Plan's and LINA's wrongful denial in providing benefits to Plaintiff;

4. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

5. Enter an award for such other and further relief as may be just and appropriate.

. . .

Dated this the 5th day of January, 2026.

> Respectfully Submitted,
>
> /s/ *Hannah Auckland*
> /s/ *Bryan L. Tyson*
> Bryan L. Tyson (N.C. Bar. No. 32182)
> Hannah Auckland (N.C. Bar. No. 35953)
> Marcellino & Tyson, PLLC
> 2200 East 7th Street, Suite 100
> Charlotte, North Carolina 28204
> Telephone: 704.919.1519
> Fax: 980.219.7025
> bryan@yourncattorney.com
> hauckland@yourncattorney.com
>
> **Attorneys for Plaintiff Wayne DeMatteo**